IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DANA MORRIS,**

    **Plaintiff,**

**v.**

**ASTRAZENECA PHARMACEUTICALS, LP,**
**and MEGAN DEFRAIN,**

    **Defendants.**                          **Case No. 10-cv-56-DRH**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Now before the Court is Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and Supporting Declaration (Doc. 2), her Motion for Appointment of Counsel (Doc. 3), and her Motion for Service of Process at Government Expense (Doc. 4). By granting a motion for pauper status, a court authorizes a lawsuit to proceed without prepayment of fees. For many years, federal district courts granted such motions if the movant was indigent and the complaint was neither frivolous nor malicious. **28 U.S.C. § 1915**. The Prison Litigation Reform Act ("PLRA"), significantly changed the district court's responsibilities in reviewing *pro se*

complaints and *in forma pauperis* motions. The Seventh Circuit has clarified that the PLRA "changed § 1915 not only for cases brought by prisoners, but in some respect for all indigent litigants." **Hutchinson v. Spink, 126 F.3d 895, 899 (7th Cir. 1997)**. Under the PLRA, the Court must screen any indigent's complaint (those filed by prisoners and non-prisoners alike) and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. **28 U.S.C. § 1915(e)(2)**.

Plaintiff's motion survives **§ 1915(e)(2)** review. Plaintiff's Motion (and Supporting Declaration) adequately demonstrates her poverty status (Doc. 2). Plaintiff declares that she has considerable debt and seven children. Further, the her suit for employment discrimination appears to be neither frivolous nor malicious at this point. Thus, the Court cannot now conclude that the Complaint fails to state a claim or that the named Defendants are immune from suit. Accordingly, the Court **GRANTS** Plaintiff's Amended Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2). Plaintiff is hereby **ORDERED** to pay the **$350.00 filing fee** applicable to this civil action as follows:

1. Because Plaintiff's Declaration (Doc. 2) indicates that she maintains a regular monthly income, she shall pay an **initial filing fee** in the amount of **$25.00 by May 17, 2010**;

2. Plaintiff shall thereafter make **monthly payments** in the amount of **$25.00 per month** until the $350.00 filing fee is paid in full;

3. Plaintiff may submit these payments to: Clerk of the Court, United

States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, IL 62202. Alternatively, Plaintiff may submit her payments, in person, to the Clerk's Office of the Court, located in the Courthouse at 750 Missouri Avenue, East St. Louis, Illinois 62202. Plaintiff shall submit payments via cash, cashier's check or certified money order.

Additionally, pursuant to **LOCAL RULE 3.1(c)(1)**, Plaintiff (and her attorney, if subsequently applicable), by applying for leave to proceed *in forma pauperis*, hereby stipulates that her recovery, if any, secured in this action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. If notice is filed with the Clerk of Court that an attorney's contingent fee contract has been entered into by Plaintiff, the balance shall be paid to Plaintiff and his or her attorney in accordance with an Order of the Court.

The Court further **DENIES** Plaintiff's Motion for Service of Process at Government Expense (Doc. 4), finding that she had adequate means to afford to pay for her own means of service. Regarding Plaintiff's Motion for Appointment of Counsel (Doc. 3), the Court hereby **DENIES** the Motion without prejudice, as Plaintiff has not shown she has unsuccessfully attempted to obtain counsel or that she is unable to try the case herself, given its complexity. Plaintiff may file a Renewed Motion for Appointment of Counsel, using the Court's updated form.

Lastly, the Court hereby **DIRECTS** the Clerk to provide Plaintiff with the proper summons forms, waiver of summons forms, and the current form for the

Motion for Appointment of Counsel, as well as making Plaintiff aware of the Court's "Pro Se Litigant Guide."

**IT IS SO ORDERED.**

Signed this 26th day of April, 2010.

/s/  David R. Herndon

**Chief Judge**
**United States District Court**